UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN FOWLKES,** | Civil Action No. 21-7734 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,** | |
| Respondents. | |

Petitioner Brian Fowlkes is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before this Court is Petitioner's unopposed[1] motion for a stay and abeyance to permit him to exhaust his unexhausted claims in state court. (ECF No. 4.) For the reasons below, this Court will deny Petitioner's motion and dismiss Grounds 2 and 3 of the Petition as procedurally defaulted.

I. **BACKGROUND**

On August 20, 2012, the New Jersey Superior Court entered its judgment of conviction against Petitioner for first-degree murder, N.J. Stat. § 2C:11-3(a), second-degree unlawful possession of a weapon, § 2C:39-5(b), and second-degree possession of a weapon for an unlawful purpose, § 2C:39-4(a). (ECF No. 1 ¶ 5.) Petitioner appealed from the judgment of conviction, and his appellate counsel raised several claims on his behalf. (*See id.* at 17–18.) The New Jersey Superior Court, Appellate Division rejected the claims and affirmed the judgment of conviction

---

[1] On May 3, 2021, this Court directed Respondents to submit a response to Petitioner's motion, (*See* ECF No. 6), but Respondents took no position and left the disposition of the matter to the discretion of the Court. (*See* ECF No. 8.)

on February 2, 2016. (*See* ECF No. 1 ¶ 9.) The New Jersey Supreme Court denied Petitioner's petition for certification on May 3, 2016. (*See id.*)

Thereafter, Petitioner filed a petition for post-conviction relief ("PCR") in the New Jersey Superior Court on August 2, 2016. (*See id.* ¶ 11.) Among other things, Petitioner asserted claims of ineffective assistance of appellate counsel for failing to raise prosecutorial misconduct as an issue on direct appeal. (*See id.* at 23–24.) Specifically, Petitioner asserted that his appellate counsel should have raised prosecutorial misconduct as an issue on direct appeal because the prosecutor acted both as a witness and as an attorney for the State at a preliminary hearing[2] and the prosecutor allegedly vouched for the State's witness during the hearing. (*Id.*)

The PCR court denied the PCR petition on May 11, 2018. (*See id.* ¶ 11.) Although Petitioner appealed the denial of his PCR petition, Petitioner did not raise these claims of ineffective assistance of appellate counsel on PCR appeal. (*See id.* at 8–9.)

On April 1, 2021, Petitioner filed a petition for writ of habeas corpus in this Court along with the instant motion seeking a stay and abeyance to permit Petitioner to exhaust certain claims. (*See* ECF Nos. 1, 4.) Grounds 2 and 3 of the Petition assert the same ineffective assistance of appellate counsel claims that Petitioner raised in his PCR petition but failed to raise on PCR appeal. (*See id.* at 7–10, 23–24.) The Petition states that Petitioner has not exhausted his state court

---

[2] Apparently, the trial court conducted a preliminary hearing pursuant to Fed. R. Evid. 104 because the prosecutor claimed she had witnessed Petitioner threaten the jailhouse informant that had elicited Petitioner's confession. (*See* ECF No. 1, at 23.) Rather than presenting the jailhouse informant at the hearing, the prosecutor told the judge that she had witnessed Petitioner say, "Southern State" and that the jailhouse informant told her that Petitioner said, "I know you're down [at] Southern State, I have people down there." (*Id.* at 23–24.) According to Petitioner, the prosecutor knew these statements to be false and vouched for the jailhouse informant during the hearing. (*See id.* at 24.) The trial court allowed the State to present the jailhouse informant's testimony regarding the threat to the jury. (*Id.*)

remedies for Grounds 2 and 3, citing ineffective assistance of PCR counsel and PCR appellate counsel as justification.  (*See id.* ¶ 13.)

## II. LEGAL STANDARD

Only in "limited circumstances" may a district court stay a mixed habeas petition containing both unexhausted and exhausted claims so that a petitioner may exhaust all his claims in state court.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Specifically, a district court should grant a stay only where "the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278.  A petitioner bears the burden of showing that he is entitled to a stay.  *Roach v. Attorney General of New Jersey*, No. 19-21707, 2021 WL 1578380, at *1 (D.N.J. Apr. 22, 2021) (citing *Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008)).

## III. ANALYSIS

In his motion, Petitioner makes no argument that his unexhausted claims, Grounds 2 and 3 of the Petition, are potentially meritorious.  (*See* ECF No. 4.)  Regardless, as explained below, Grounds 2 and 3 are meritless because the procedural default doctrine bars both claims.

### A. Procedural default

The procedural default doctrine is an important corollary to the exhaustion requirement, which requires state prisoners to exhaust available state remedies before presenting a claim to a federal habeas court.  *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).  The procedural default doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."  *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).  The procedural default doctrine also applies to bar

3

federal habeas claims when a prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *Caswell v. Ryan*, 953 F.2d 853, 861 (3d Cir. 1992); *see O'Sullivan v. Boerckel*, 526 U.S. 838, (1999) (failing to invoke one complete round of a state's established appellate review process resulted in a procedural default).

To overcome a procedural default of federal claims in state court, a prisoner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Claims of ineffective assistance of PCR counsel, however, are not a sufficient cause to cure the default on a claim of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2062–63 (2017).

Here, Petitioner alleged in his state PCR petition that his appellate counsel was ineffective for failing to raise prosecutorial misconduct claims on direct appeal. (*See* ECF No. 1, at 23–24.) The PCR court denied the PCR petition on May 11, 2018. (*See id.* ¶ 11.) Although Petitioner appealed the denial of his petition, Petitioner did not raise the ineffective assistance of appellate counsel claims on PCR appeal. (*See id.* at 8–9.)

As it is now too late for Petitioner to appeal his abandoned PCR claims, *see* N.J. Ct. R. 2:4-1(a) (requiring a party to file "appeals from final judgments of courts" within 45 days of their entry), Petitioner procedurally defaulted these ineffective assistance of appellate counsel claims by failing to raise them on appeal of the PCR Court decision. *See O'Sullivan*, 526 U.S. at 838 (failing to timely present federal habeas claims to State Supreme Court resulted in procedural default); *Docaj v. D'llio*, No. 13-6120, 2017 WL 4882486, at * (D.N.J. Oct. 30, 2017) (abandoning

4

PCR claim on appeal resulted in procedural default). Thus, the doctrine of procedural default bars Petitioner's federal habeas claims unless he can establish "cause" to excuse the default and demonstrate prejudice from the alleged error. *Coleman*, 501 U.S. at 750.

In the Petition, Petitioner asserts that he did not appeal the denial of his state PCR claims alleging ineffective assistance of appellate counsel because his PCR counsel provided ineffective assistance. (*See* ECF No. 4, at 8, 10.) As noted above, however, the Supreme Court has held that claims of ineffective assistance of PCR counsel are not a sufficient cause to cure the default on a claim of ineffective assistance of appellate counsel. *Davila*, 137 S. Ct. at 2062–63.

Accordingly, as Petitioner has procedurally defaulted on Grounds 2 and 3 of his Petition and has no basis to overcome the default, his claims are not "potentially meritorious" because the procedural default doctrine bars these claims. *See Rhines*, 544 U.S. at 278. The Court, therefore, will deny Petitioner's motion for a stay and abeyance. Furthermore, as Rule 4 of the Rules Governing Section 2254 Cases requires this Court to dismiss claims where it plainly appears from the petition that a petitioner is not entitled to relief, and this Court has determined that Grounds 2 and 3 of the Petition have no merit, this Court will also dismiss Grounds 2 and 3.

## IV. CONCLUSION

For the reasons above, this Court will deny Petitioner's motion for a stay and abeyance and will dismiss Grounds 2 and 3 of the Petition as procedurally defaulted. An appropriate order follows.

/s/ Zahid N. Quraishi
**Zahid N. Quraishi**
**United States District Judge**