**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN FOWLKES**<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et. al.**,<br><br>　　　　　　Respondents. | Civil Action No. 21-07734 (ZNQ)<br><br>**MEMORANDUM AND ORDER** |

**QURAISHI, District Judge**

　　　This matter comes *sua sponte* before the Court based on Petitioner's failure to take any action in this matter. Petitioner Brian Fowlkes is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.). On September 10, 2021, this Court granted Petitioner forty-five days after Respondents filed their answer to the petition to file his reply. (ECF No. 12). Petitioner has not done so, nor has he sought more time. Accordingly, the Court now directs Petitioner to either file a proper Motion for a Stay and Abeyance of the petition, or to file his reply to Respondents' answer.

　　　The procedural history of this case is as follows. On April 15, 2021, Petitioner filed a motion for a Stay and Abeyance of his habeas petition. (ECF No. 4). On September 10, 2021, this Court denied Petitioner's motion for a Stay and Abeyance and dismissed Grounds Two and Three in the petition as procedurally defaulted. (*See* ECF No. 11). Also on September 10, 2021, this Court screened Petitioner's habeas petition, and ordered that the Respondents either file a Motion to Dismiss the petition on timeliness grounds only, or, alternatively, file a full and complete answer to the claims asserted in the petition. (ECF No. 12). If Respondents filed an answer, this Court

granted Petitioner forty-five days to file a reply. (*Id*.).

On September 12, 2022, Respondents filed their answer to the petition. (*See* ECF Nos. 15-17). Rather than complying with this Court's order granting Petitioner forty-five days to file his reply (ECF No. 12), on September 18, 2023, Petitioner filed a letter to this Court requesting to "reopen [his] prior Stay and Abeyance motion." (ECF No. 19). Petitioner claims that there is a second Post-Conviction Relief ("PCR") motion that he has moved to reopen, and that there are now "new issues surrounding [his] sentence that [he] could not have previously known or exhausted for federal review." (*Id*.). Thereafter, the case was administratively terminated because Petitioner failed to comply with Local Civil Rule 10.1 by updating his mailing address. (*See* ECF No. 21). Petitioner has since updated the Court with his most recent address, and the case was reopened. (*See* ECF Nos. 22-24).

The Court, in response to Petitioner's letter (ECF No. 19), now directs Petitioner—if he still wishes to pursue a stay—to file a proper Motion for a Stay and Abeyance of his petition.[1] In his motion, petitioner must show, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), that there exists "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. Alternatively, Petitioner is directed to file his reply to Respondents' Answer. (ECF No. 15-17). The Court notes that Petitioner's failure to respond will result in the petition being decided without a reply.

---

[1] The court notes that it cannot grant a stay on claims that have not been raised in the original § 2254 Petition. If Petitioner is requesting a stay on claims not previously raised, he needs to first file a motion to amend his petition, and this Court would decide the motion to amend in due course.

**THEREFORE, IT IS** on this 9th day of May 2025,

**ORDERED** that, within thirty days of the date of entry of this Order, Petitioner shall either file a proper Motion for a Stay and Abeyance, or file a reply to Respondents' Answer; it is further

**ORDERED** that if Petitioner files a Motion for a Stay and Abeyance, Respondents shall have thirty days thereafter to file their response to that Motion; it is further

**ORDERED** that if Petitioner does not file a Motion for a Stay and Abeyance or a reply to the Respondent's answer, that the Court will consider the matter as fully briefed and decide the petition without Petitioner's reply; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**